UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00951-WYD

CATHERINE VANDUSEN ZAPIEN,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on the Unopposed Motion for an Award of

Attorney's Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's counsel on September 26,

2011.  The motion requests that the Court award $7222.50 to Plaintiff's counsel as a

reasonable § 406(b) attorney fee for her representation of Plaintiff in this matter.  If the

fee is approved, the motion asserts that counsel will refund to Plaintiff a previously

awarded fee pursuant to the Equal Access to Justice Act of $5500.00, resulting in a net

fee paid by Plaintiff of $1722.50.

By way of procedural background, I reversed the Commissioner's decision and

remanded the case for further administrative proceedings by Order dated September 1,

2010.  Upon remand, Plaintiff was awarded approximately $50,090 in past-due disability

benefits commencing November 2005, and ongoing monthly benefits in the amount of

$795.00 (to be increased each year by a cost of living adjustment).  The Notice of

Award issued by the Social Security Administration states that it withheld $12,522.50 (25% of past due benefits) from Plaintiff's benefits in anticipation of this fee request.

Turning to my analysis, 42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  In this case, as stated previously, Plaintiff was awarded past-due benefits in the amount of $50,090.00.

Having reviewed Plaintiff's motions and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in the motion and that the motion should be granted.  I note that Plaintiff entered into a contingent fee agreement whereby counsel would be paid "25% of all past-due benefits or $5,300.00, whichever is less."  (Pl.'s Mot., Ex. A.)  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.*

Plaintiff thus contracted with her counsel to pay 25% of past-due benefits, and counsel seeks fees consistent with that.  Further, the net fee paid by Plaintiff will be significantly less than the 25% agreed to by Plaintiff.  The requested fee is reasonable because it reflects the contingent nature of the recovery.  I also find that the fee is reasonable because there was a substantial risk of loss in connection with the case,

Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's

position and raised multiple issues, and the results obtained were extremely favorable

to Plaintiff.  Also, the amount of fees are not large in comparison to the amount of time

spent on the case.  *Gisbrecht*, 535 U.S. at 808.  Finally, the motion indicates that it is

unopposed by the Commissioner.

Based on the foregoing, it is

ORDERED that the Unopposed Motion for an Award of Attorney's Fees Under 42

U.S.C. § 406(b) filed September 26, 2011 (ECF No. 20)is **GRANTED**.  In accordance

therewith, it is

ORDERED that Plaintiff's counsel is awarded attorney's fees in the amount of

**$7,222.50**.

Dated:  October 11, 2011

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge